Commonwealth *v.* Bean.

═══════

## COMMONWEALTH *vs.* SAMUEL BEAN.

Cities and towns had power, even before the *St.* of 1857, *c.* 82, to make by-laws to prohibit permitting cattle to go at large or stop to feed on any highway.

Under a city ordinance which prohibits letting any cattle go at large or " stop to feed " on any highway, a complaint which avers that the defendant suffered two cows " to stop and feed " on certain highways, is bad even after verdict.

COMPLAINT on an ordinance passed by the city council of Lowell in 1854, which provides that " no owner or person having the care of any sheep, swine, horses, mules, oxen, cows or other grazing animals, shall permit or suffer the same to go at large or stop to feed on any street, lane, alley, common, square or other public place within the city," under a penalty of not exceeding twenty dollars.

The complaint averred that the defendant, alleged in one count to be the owner, and in the other to be the person having the care of two cows, on the 24th of May 1856 " did permit and suffer the same to stop and feed in certain public streets in said Lowell, called Broadway and School Streets."

The defendant, being convicted in the police court of Lowell on the 27th of May 1856, appealed to the court of common pleas; and after being convicted again in that court at October term 1858, moved in arrest of judgment, " because there is no offence in said complaint alleged, known to the laws of this commonwealth, or to the ordinances of the city of Lowell, fully and plainly, substantially and formally described to him." *Aiken,* J. overruled the motion, and the defendant alleged exceptions.

*F. D. Holt,* for the defendant.

*W. S. Gardner,* for the Commonwealth.

SHAW, C. J. The court are of opinion that the exceptions must be sustained and the judgment arrested.

1. We think the city of Lowell had authority to make and pass the by-law, on which this complaint is founded, to prohibit cows and other animals to go at large or stop to feed in streets and highways. We think this authority does not depend upon *St.* 1857, *c.* 82, which grants this power in more precise terms, but which was passed after this complaint was made ; but that the power existed before that act was passed. By the city charter they have all the powers of towns, and to make all necessary by-laws not repugnant to the laws of the Commonwealth. *St.* 1836, *c.* 128, § 8. Towns have power to make by-laws which are binding upon others as well as citizens. Rev. Sts. *c.* 15, § 14. *Vandine, petitioner,* 6 Pick. 187. This power has been repeatedly given to towns to regulate and restrain the practice of suffering cattle to be at large in highways. *Sts.* 1799, *c.* 61 ; 1804, *c.* 44 ; 1834, *c.* 184.

2. A far more important exception is, that the complaint does not charge any offence, that is, any violation of law, with sufficient certainty. The offence, it is true, is charged nearly in the words of the by-law. But it is not always sufficient to charge the offence in the words of the statute. We are first to ascertain, by a careful examination of the statute, what act the legislature had in view, and intended to make penal, and then see if that act, thus ascertained, is charged in the complaint or indictment. If there is nothing in the context or in other parts of the statute, or in statutes *in pari materia,* to control or modify the sense and meaning of the terms in which the offence is defined, then it may be presumed that the terms in the complaint are used in the same sense with those in the statute, and whatever that prohibits the complaint charges. In such case, the offence may be described and charged in the words of the statute. Otherwise, it may be necessary to frame the complaint in such terms as to designate the offence intended with precision.

The effective words declaring the penalty in this law are, " no owner or person having the care of any cows," &c. " shall per-

5 *

mit or suffer the same to stop to feed in the public streets." But in looking at the enumeration, it is, any horses, cows or other grazing animals. Then, upon the ordinary rule of construction, taking the whole clause together, it is manifest that it was intended to prohibit cattle to go at large in the streets, or to stop to feed in the streets, by grazing, by permitting them to stop for the purpose of feeding on the grass growing in the street. If this is the act prohibited, and the offence intended by the by-law to be punished, the complaint, we think, should in some form charge that the accused suffered and permitted his cows to stop on their way for the purpose of feeding. But this complaint does not so charge. Suppose the defendant had suffered cows to eat grain, from a trough or bucket, standing in the street named. Such an act would be within the words of this complaint, but not the offence prohibited by the by-law.

It must be recollected that this is purely a question of pleading, of the sufficiency of the complaint. We have no reason to doubt that the evidence offered and relied upon for a conviction was that of the defendant's permitting his cows to stop in the streets to graze; and if, as in civil cases, an insufficient statement of a case might be helped by a verdict, it might obviate this objection. But a different and more exact rule prevails in criminal cases, in which it is required, as well by the common law as by the Constitution, that a sufficient case must be stated, to bring the accused within the law, before he is called on for his answer. *Commonwealth* v. *Bean*, 11 Cush. 414.

The court are of opinion that this complaint is not sufficient, and, notwithstanding the verdict, no judgment can be rendered upon it.                                    *Judgment arrested.*